UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR419-083 |
| | ) | |
| STEVEN ANDREW ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Sixth Amendment to the Constitution guarantees a criminal defendant's right to conflict-free representation. *See, e.g., Holloway v. Arkansas*, 435 U.S. 475, 482 (1978). Stephanie O. Burgess, who was appointed to represent Ross in this case, informed the Court of a potential conflict of interest arising from her representation of another client, whose case is on appeal. *See* doc. 33. On October 31, 2019, the Court held a hearing to determine whether Ms. Burgess had a conflict, and, if so, whether it was waivable.

"Although the Sixth Amendment guarantees counsel, it does not grant defendants the unqualified right to counsel of their choice." *United States v. Garey*, 540 F.3d 1253, 12653 (11th Cir. 2008) (*en banc*). If, however, a defendant shows "good cause," substitute counsel may be appointed. "Good cause" includes, among other lesser problems, a conflict

of interest between counsel and his client. *Id.* In circumstances where the conflict presented might be waivable by the client the Court must thoroughly investigate the defendant's waiver, and "follow[ing] a procedure akin to that promulgated in F. R. Crim. P. 11," permit the conflicted counsel to remain only if it concludes the waiver is knowing and voluntary. *United States v. Garcia*, 517 F.2d 272, 277-8 (5th Cir. 1975)[1]; *see also United States v. Zajac*, 677 F.2d 61, 63 (11th Cir. 1982) (discussing procedure, under to *Garcia*, for evaluating a defendant's waiver of his right to conflict-free counsel).

At the hearing, Ms. Burgess informed the Court that, after Ross changed his plea, he disclosed certain information to her. That information was potentially beneficial to Ross, if he shared it with the Government, but detrimental to another client Ms. Burgess was appointed to represent. Based upon her own analysis of the situation, Ms. Burgess concluded that she had a non-waivable conflict of interest. She further informed the Court that she had contacted the State Bar of Georgia's Ethics Helpline. The State Bar's resource counsel agreed that

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting decisions of the former Fifth Circuit handed down before October 1, 1981).

the situation presented a non-waivable conflict of interest. The Court concurs with Ms. Burgess' analysis.

The Court finds that Ms. Burgess' continued representation of Ross presents a non-waivable conflict of interest. Her motion to withdraw is, therefore, **GRANTED**. Doc. 33. Given the Court's finding that a non-waivable conflict of interest, the question of Ross' knowing and intelligent waiver of his right to conflict-free counsel is moot. Ms. Burgess additional request for an extension of time to file additional motions is also **DENIED as moot**. Substitute counsel, when appointed, remains free to request an extension of any deadlines.

**SO ORDERED,** this 31st day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3