

FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 1:10 pm, May 18, 2020

# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA    )
                                       )
                                       )       CR 419-083
v.                                    )
                                       )
STEVEN ANDREW ROSS,        )
                                       )
     Defendant.         )

## ORDER

Before the Court is Defendant Steven Ross' motions for bond pending appeal.  Dkt. Nos. 55, 60.  For the reasons below, his motions are **DENIED**.

## BACKGROUND

On September 24, 2019, Ross, under a written plea agreement, pleaded guilty to attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1594(a) and 1591(a)(1), (b)(2).  Dkt. Nos. 31, 32.  At sentencing on February 11, 2020, the Government presented evidence that Ross had communicated online with an undercover officer who pretended to be a fourteen-year-old girl.  Ross offered money to the child/undercover officer in exchange for engaging in sex acts.  Ross agreed to meet the child/undercover officer in person to perform commercial sex acts.  Law enforcement arrested Ross when he showed up to meet with the child/undercover officer.  The

Court sentenced Ross to 120 months' imprisonment with the Bureau of Prisons ("BOP"), followed by ten years' supervised release. Dkt. No. 44.

Contained in Ross' plea agreement is an appeal waiver which states that he "voluntarily and expressly waive[d] the right to appeal the conviction and sentence . . . on any ground," subject to three exceptions. Dkt. No. 32 at 5-6. Despite the appeal waiver, Ross filed a direct appeal with the Eleventh Circuit, dkt. no. 47, and now moves the Court to release him on bond pending the outcome of his appeal. Dkt. Nos. 55, 60.

## LEGAL AUTHORITY

The release or detention of a defendant following his conviction and sentencing is governed generally by 18 U.S.C. § 3143(b). That statute provides, in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>     (i) reversal,
>
>     (ii) an order for a new trial,

      (iii) a sentence that does not include a term of imprisonment, or

      (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

## DISCUSSION

Ross' appeal appears to be based on his contention that, because the child was an undercover officer and because he was without cash to pay for sex, he could not be guilty of attempted sex trafficking of a minor. After consideration of the § 3143(b) factors, Ross' motions, and the Government's response, the Court finds that Ross has not shown that he meets the criteria for release pending the outcome of his appeal.  Indeed, he meets neither prong of the statute.  Ross pleaded guilty to a serious crime and now faces a lengthy prison term.  Ross has not met the high bar of clear and convincing evidence showing that he is not likely to flee or pose a danger to the community if released. Secondly, Ross has not shown that his appeal will result in a reversal, new trial, or a different sentence.  His appeal does not present a "substantial question," as defined by the Eleventh Circuit, warranting release pending appeal.  See United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985) (explaining that a "substantial question" is one that is novel, has not been decided by controlling precedent, or is fairly doubtful). Ross' mention of his COVID-19 concerns while he is in custody,

as well as his desire to address legitimization issues involving his own child, are both unpersuasive and unsupported by the record.

## CONCLUSION

Ross' motions for release on bond pending appeal, dkt. nos. 55, 60, are **DENIED**.

**SO ORDERED**, this 18th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA