# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CR 419-083 |
| v.     ) | |
| ) | |
| STEVEN ANDREW ROSS,   ) | |
| ) | |
| Defendant.  ) | |

## ORDER

Before the Court is Defendant Steven Ross's Motion for Reconsideration. Dkt. No. 72. The motion is **DENIED**.

In September 2019, pursuant to a written plea agreement, Defendant pleaded guilty to the attempted sex trafficking of a minor. In February 2020, the Court sentenced Defendant to 120 months' imprisonment, to be served concurrently with any state term of imprisonment. Dkt. No. 44. Defendant directly appealed. Dkt. No. 47. The Eleventh Circuit affirmed his conviction and sentence on October 15, 2020. Dkt. No. 65. The mandate issued on November 13, 2020.

Recently, Defendant filed a Motion to Dismiss the Indictment Pursuant to Federal Rule of Criminal Procedure 12(b)(2), dkt. no. 67, arguing that the Court did not have subject matter jurisdiction over his criminal case because the offense with which he was charged is not a federal offense. See

Dkt. No. 67 at 4, 5. The Government responded in opposition, dkt. no. 68, moving to dismiss Defendant's motion. The Court ultimately dismissed Defendant's motion for lack of subject matter jurisdiction based on Defendant's criminal case being closed. Dkt. No. 69; see also United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009) (holding, for Rule 12(b) purposes, that criminal case is no longer pending when mandate issues); United States v. Zamor, 810 F. App'x 844, 845 (11th Cir. 2020) ("[Defendant's] criminal case was no longer pending within the meaning of Rule 12, as the judgment in his case had been entered[.]"); Zamor, 810 F. App'x at 845 (noting that, if a criminal case is no longer pending, "the district court lack[s] subject-matter jurisdiction to consider [a Rule 12(b)(2)] motion"). Thereafter, Defendant filed a motion to strike the Government's opposition brief, dkt. no. 70, which the Court found was without merit, dkt. no. 71.

Now before the Court is Defendant's motion for reconsideration of its Order denying his motion to dismiss the indictment. Dkt. No. 72. Finding no merit to Defendant's arguments, and no authority for overturning Eleventh Circuit precedent, the Court **DENIES** the motion. If Defendant wishes to challenge his conviction, his exclusive remedy is to file a motion to vacate pursuant to 28 U.S.C. § 2255. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008).

2

**SO ORDERED**, this 21 day of June, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA