# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CR 419-083 |
| v. ) | |
| ) | |
| STEVEN ANDREW ROSS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Steven Ross's Motion to Modify Conditions of Supervision, dkt. no. 75, as well as the Government's motion to dismiss Defendant's motion, dkt. no. 77.

In September 2019, pursuant to a written plea agreement, Defendant pleaded guilty to the attempted sex trafficking of a minor. In February 2020, the Court sentenced Defendant to 120 months' imprisonment, to be served concurrently with any state term of imprisonment. Dkt. No. 44. Defendant directly appealed. Dkt. No. 47. The Eleventh Circuit affirmed his conviction and sentence on October 15, 2020. Dkt. No. 65. The mandate issued on November 13, 2020.

Now, Defendant moves under 18 U.S.C. § 3583(e)(2) for a modification of the terms of his supervised release conditions. Dkt. No. 75. The condition of supervision which Defendant seeks to change is special condition five, which instructs Defendant

that he "must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)." Dkt. No. 75 at 2; Dkt. No. 44 at 5. Defendant requests this condition "be modified to permit viewing and/or possession of adult legal material." Dkt. No. 75 at 4. In support, Defendant argues that "being convicted of a 'sex offense' is not sufficient justification to impose such a draconian ban on a recognized fundamental right," and that this condition of supervised release is unconstitutional. Id. at 3.

The statute upon which Defendant relies for relief, 18 U.S.C. § 3583(e)(2), provides, in relevant part, that a court may, after considering certain 18 U.S.C. § 3553 factors, "modify . . . the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." As the Government notes in its motion to dismiss, however, § 3583(e)(2) is not an appropriate means of challenging an allegedly illegal condition of supervision. United States v. Delgesso, 837 F. App'x 723, 725 (11th Cir. 2020).

> Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within [fourteen] days of the district court's decision [Fed. R. Crim. P.] 35[(a)]

2

> motion. It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition.

Id. (quoting with approval United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002)).

To the extent Defendant seeks to challenge the original imposition of his supervised release conditions, he "could have and should have raised these challenges earlier—either at his sentencing hearing, in a Rule 35(a) motion to correct, or in his direct criminal appeal." Id. "Section 3583(e)(2) is not a proper vehicle to seek review of issues which could have been raised in earlier criminal proceedings or in a motion for post-conviction collateral relief." Id.

Because § 3583(e)(2) is not an avenue for Defendant to seek modification of a condition of supervision, the Court lacks jurisdiction to consider the legal or constitutional challenges Defendant raises in his motion. Accordingly, the Government's motion to dismiss Defendant's motion, dkt. no. 77, is **GRANTED**, and Defendant's motion to modify conditions of supervision, dkt. no. 75, is **DISMISSED**.

**SO ORDERED**, this 2 day of November, 2023.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3