# In the United States District Court for the Southern District of Georgia Savannah Division

```
UNITED STATES OF AMERICA    )
                            )
                            )   CR 419-083
v.                          )
                            )
STEVEN ANDREW ROSS,         )
                            )
     Defendant.             )
```

### ORDER

Before the Court is Defendant Steven Ross's motion for reconsideration of the Court's Order denying his motion to modify conditions of supervision. Dkt. No. 80. The motion is **GRANTED** in part and **DENIED** in part.

In his initial motion, Defendant moved under 18 U.S.C. § 3583(e)(2) for a modification of the terms of his supervised release conditions. Dkt. No. 75. Specifically, Defendant sought to change special condition five, which instructs Defendant that he "must not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)." Dkt. No. 75 at 2; Dkt. No. 44 at 5. Defendant requested this condition "be

modified to permit viewing and/or possession of adult legal material." Dkt. No. 75 at 4. In support, Defendant argued that "being convicted of a 'sex offense' is not sufficient justification to impose such a draconian ban on a recognized fundamental right," and that this condition of supervised release is unconstitutional. Id. at 3.

The Court concluded that 18 U.S.C. § 3583(e)(2), the statute upon which Defendant relied for relief, is not an appropriate means of challenging an allegedly illegal condition of supervision. Dkt. No. 78 at 2 (citing United States v. Delgesso, 837 F. App'x 723, 725 (11th Cir. 2020)). That is, § 3583(e)(2) "is not a proper vehicle to seek review of issues which could have been raised in earlier criminal proceedings or in a motion for post-conviction collateral relief." Delgesso, 837 F. App'x at 725.

In his latest motion, Defendant argues he is requesting a "modification; not a challenge" to his terms of supervision. Dkt. No. 80 at 2. While this may seem at first blush to be an argument of semantics, Defendant's clarification has merit. Indeed, in Delgesso, the Eleventh Circuit differentiated between a defendant's *challenge* to the original imposition of his supervised release conditions and his request for a *modification* to the terms of his supervised release. Delgesso, 837 F. App'x at 725 ("To the extent [the defendant] requested that the

2

district court modify the conditions of his supervised release based on the general punishment goals set forth in section 3553(a), the district court abused no discretion in denying [the defendant] relief."). Therefore, to the extent Defendant requests reconsideration of the Court's prior Order, his motion is **GRANTED**.

"Under section 3583(e)(2), a district court has discretion to 'modify, reduce, or enlarge the conditions of supervised release' after considering certain factors set forth in 18 U.S.C. § 3553(a)." Delgesso, 837 F. App'x at 724 (citing 18 U.S.C. § 3583(e)(2)). "The pertinent section 3553(a) factors include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with educational training, medical care, or other correctional treatment; (3) the guideline range; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution." Id. at 724-25 (citing 18 U.S.C. §§ 3583(e); 3553(a)(1)-(2), (a)(4)-(7)).

Thus, to decide Defendant's motion, the Court needs to analyze these § 3553(a) factors. According to the Bureau of Prisons' website, however, Defendant is not scheduled to be

3

released from custody until January 1, 2028, approximately four years from now. See BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/mobile/find_inmate/byname.jsp. The Court cannot adequately assess the § 3553(a) factors, particularly Defendant's history and characteristics, at this time. Said another way, the Court will not have access to the information it needs to decide Defendant's motion until Defendant has completed his term of imprisonment. As such, the Court **DENIES** Defendant's motion as premature.[1] Defendant may reurge his motion upon his release from Bureau of Prisons' custody.

    **SO ORDERED**, this 27 day of December, 2023.

 

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In its response to Defendant's initial motion, the Government argued that Defendant's motion was premature. Dkt. No. 77 at 2 n.2.

4