# In the United States District Court for the Southern District of Georgia Savannah Division

```
UNITED STATES OF AMERICA    )
                            )
                            )    CR 419-083
v.                          )
                            )
STEVEN ANDREW ROSS,         )
                            )
     Defendant.             )
```

### ORDER

Before the Court is Defendant Steven Ross's motion for reconsideration of the Court's Order regarding Defendant's eligibility for time credits under 18 U.S.C. § 3632(d)(4). Dkt. No. 85.[1] In his initial motion, Defendant "request[ed] clarification as to what conviction he is serving a sentence for" and how the offense(s) affect his eligibility for good time credits under § 3632(d)(4)(D). See § 3632(d)(4) (providing time credits to eligible prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities"). In his current motion, Defendant argues that he is eligible for time credits despite the statute's express language to the contrary. See Dkt. No. 83 at 2.

---

[1] Also before the Court are Defendant's motion for leave to supplement his motion for reconsideration, dkt. no. 86, as well as his motion for a status update, dkt. no. 87. Those motions are **GRANTED**.

A prisoner's challenge to the Bureau of Prisons' application of good-time credit is properly brought under 28 U.S.C. § 2241. See, e.g., Keys v. U.S. Dep't of Justice, 136 F. App'x 313, 313 (11th Cir. 2005). Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements. Id. at 314.

> The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.
>
> . . . .
>
> This Program applies to all inmates in institutions operated by the Bureau of Prisons . . . for issues that arose during confinement.

28 U.S.C. § 542.10. "If, and only if, the defendant has pursued his administrative remedy may he seek relief in the district court." United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). Because Defendant has failed to pursue his administrative remedy, this Court is without jurisdiction to entertain Defendant's application for good time credit. See Keys, 136 F. App'x at 314.

Even if Defendant had exhausted his administrative remedies, he must bring any such § 2241 action in the Middle District of Florida—the district of his confinement. See 28 U.S.C. § 89(b) (Coleman is located within unincorporated Sumter County, Florida, which falls within the Middle District of

2

Florida). "Section 2241 petitions may be brought *only* in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) (emphasis added).

Accordingly, Defendant's challenge regarding his eligibility for good-time credits, dkt. no. 85, is **DISMISSED without prejudice.**

**SO ORDERED**, this 22 day of March, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA