# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CR 419-083 |
| v. ) | |
| ) | |
| STEVEN ANDREW ROSS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court are three motions filed by Defendant Steven Ross: a motion for reconsideration of the Court's Order denying him leave to proceed in forma pauperis on appeal, dkt. no. 98; a "motion requesting miscellaneous relief," dkt. no. 100, and a motion requesting a status update, dkt. no. 105.

## I. Motion for Reconsideration

On April 29, 2024, the Court granted Defendant's second motion for clarification regarding his conviction. Dkt. No. 90. Defendant filed a notice of appeal of that Order. Dkt. No. 91. Then Defendant moved the Court for leave to proceed in forma pauperis on appeal, dkt. no. 94, and the Court denied the motion, finding that Defendant's appeal was not taken in good faith, dkt. no. 97. Defendant then filed a motion for reconsideration of that Order. Dkt. No. 98. However, after the motion was filed, the Eleventh Circuit Court of Appeals

dismissed Defendant's appeal for lack of jurisdiction. Dkt. No. 99. Because Defendant's appeal has concluded, Defendant's motion for reconsideration of this Court's in forma pauperis Order, dkt. no. 98, is **DENIED as moot.**

**II. Motion for Miscellaneous Relief**

In his motion for miscellaneous relief, Defendant once again seeks to change the fact that he was convicted under two statutes. Dkt. No. 100. The Judgment reflects that Defendant pleaded guilty to attempted sex trafficking of a minor, in violation of 18 U.S.C. § 1594(a), § 1591(b)(2), and § 1591(a)(1). Dkt. No. 44. In his motion, Defendant asks the Court to strike the Judgment and enter a new one stating that he has only one conviction, that is, under § 1594(a). Dkt. No. 100 at 6. He also seeks to amend the Indictment and plea agreement to that effect. Id.

Defendant asserts the relief he requests is authorized by Federal Rule of Criminal Procedure 36. Rule 36 allows a court "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, Rule 36 "does not allow for a substantive correction or alteration to a criminal sentence." United States v. Stevens, 500 F. App'x 900, 901 (11th Cir. 2012) (citing United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004)). Defendant's requested relief is

2

substantive in nature. Therefore, Rule 36 does not authorize the relief he seeks, and his motion is **DENIED**.

Further, to the extent Defendant seeks relief pursuant to Federal Rule of Criminal Procedure 59, his motion is **DENIED**. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Judgment was entered against Defendant on February 18, 2020. Dkt. No. 44. Defendant's motion is therefore untimely.

### III. Motion for Status Update

Finally, Defendant moves the Court for a status update on his pending motions, discussed *supra*. Dkt. No. 105. With the issuance of this Order, Defendant's motion has become moot. Therefore, his motion for a status update is **DENIED as moot**.

### CONCLUSION

Defendant's motion for miscellaneous relief, dkt. no. 100, is **DENIED**, and his motion for reconsideration and motion for status update, dkt. nos. 98 and 105, are **DENIED as moot**.

**SO ORDERED**, this 21 day of November, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA